NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF NEW JERSEY, *et al.*,<br><br>    Defendants. | No. 24cv7759 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Joshua Johnson seeks to bring this action *in forma pauperis* ("IFP") against Defendants Superior Court of New Jersey, Bergen County ("Superior Court"), Municipal Court of Ridgewood ("Municipal Court"), and Christopher Veguilla ("Veguilla"). D.E. 1 ("Complaint" or "Compl"). Though the exact allegations are not readily ascertainable, the Court discerns that Plaintiff claims damages stemming from violations of his Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 related to his inability to file a notice of appeal in state court. *Id.* at 2. He also seeks injunctive relief. *Id.* at 3.

For the reasons below, the Court will **GRANT** Plaintiff's IFP application, D.E. 1-2, and **STAY** the case.

**I.    ANALYSIS**

    **A.  *In Forma Pauperis***

Pursuant to 28 U.S.C. § 1915, the Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Because Plaintiff sufficiently establishes his inability to pay, the Court will **GRANT** his IFP application. *See* D.E. 1-2.

However, courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[1]  28 U.S.C. § 1915(e)(2)(B).  Because Plaintiff proceeds *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### B.  *Younger* Abstention is Proper

Plaintiff requests temporary injunctive relief "to prevent further due process violations since this is an active case in the state pending this complaint[.]"  Compl. at 3.  A review of the public docket of the case *State of New Jersey v. Joshua A. Johnson*, BER-24-001729 ("State Case"), along with Plaintiff's Complaint, indicates that *Younger* abstention is warranted.  *Kessler Inst. for Rehab., Inc. v. Mayor and Council of Borough of Essex Fells,* 876 F. Supp. 641, 658 (D.N.J. 1995) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  "Abstention is appropriate if there is (1) an ongoing or pending state or administrative judicial proceeding (2) implicating important state interests (3) in which the plaintiff has an adequate opportunity to raise the issues he seeks to litigate in federal court."  *Richardson v. New Jersey*, No. 16-135, 2016 WL 5858983, at *4 (D.N.J. Oct. 5, 2016) (citing *Middlesex Cnty. Ethics Comm., v. Garden State Bar Ass'n*, 457 U.S. 423, 431

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service.  *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) (internal quotation marks omitted) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.").

2

(1982)). The first two prongs are clearly met: the proceeding is ongoing and "a state criminal case is the quintessential example of a proceeding that implicates important state interests." *Id.* at *5. Although Plaintiff does not elaborate much on what "further due process violations" he seeks to enjoin, Compl. at 2, the third prong is met because "state courts are well equipped . . . to handle constitutional claims[.]" *Richardson*, 2016 WL 5858983, at *5. Accordingly, abstention is proper.

Plaintiff also seeks damages. The Third Circuit has "held that 'a district court, when abstaining from adjudicating a claim for injunctive relief, should stay and not dismiss accompanying claims for damages and attorney fees when such relief is not available from the ongoing state proceedings.'" *Howard v. N.J. Div. of Youth and Family Servs.*, 398 F. App'x 807, 811 (3d Cir. 2010). However, dismissals are appropriate where suit is improper against certain parties. *See id.* ("The damages and attorney fees claims against [the defendant] were properly dismissed instead of stayed because [the defendant] is immune from suit under the Eleventh Amendment.").[2] The Court will **STAY** the case in light of Third Circuit precedent.

---

[2] If Plaintiff returns to this Court after the conclusion of the State Case, Plaintiff should be aware that "[t]he New Jersey Superior Court is not a 'person' capable of being sued under § 1983." *Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). Defendant Superior Court is also entitled to Eleventh Amendment immunity. *See Gencarelli v. Superior Court of N.J.*, No. 04-3332, 2005 WL 1490590, at *3 (D.N.J. June 22, 2005) (collecting cases). The same is true of Defendant Municipal Court. *See Toro v. Toro*, No. 18-13358, 2019 WL 161508, at *2 (D.N.J. Jan. 8, 2019). Moreover, Plaintiff's only mention of Defendant Veguilla is that he filed an "official unsigned Complaint" in "Municipal [C]ourt[.]" Compl. at 2. Plaintiff would need to allege why Defendant Veguilla is subject to Section 1983 liability despite his ostensible status as a private citizen. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) ("[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor.").

3

II.   CONCLUSION

For the reasons stated herein, the Court will **GRANT** Plaintiff's IFP application, D.E. 1-2, **ABSTAIN** pursuant to *Younger*, and **STAY** the case pending conclusion of the State Case.  An appropriate Order accompanies this Opinion.

Dated: July 24, 2024

                                                                         _____
                                                                         Evelyn Padin, U.S.D.J.

4